GILBERT G. PALMER et al. *vs.* SOLON LUMBER COMPANY.

Somerset.    Opinion March 29, 1920.

*Written contract.    Subsequent modification by oral agreement.    Jury erred.*

In November 1917, the plaintiffs contracted in writing to cut and haul a quantity of lumber for the defendant at $10 per M.    In Feb. 1918 the parties by oral agreement, the terms of which are in dispute, modified the written contract. The plaintiffs say that the defendant agreed to satisfy all of the plaintiffs outstanding obligations incurred in connection with the operation, without any limitation as to amount, and also to pay the entire cost of completing the same. The defendants contention is that the plaintiffs at the request of Mr. Starbird, president of the defendant corporation, made a list of their outstanding bills. This is admitted by both parties.    The list amounted to something less than one thousand dollars.    Mr. Starbird corroborated by three witnesses says that relying on this list, and on the assurance of the plaintiffs that the list was substantially correct and complete he agreed to pay the outstanding bills not exceeding $1200.

Something more than $1200 of the plaintiff's bills have already been paid by the defendant.    The suit is brought to recover the amount of other and additional bills and the jury verdict is for the plaintiff for $708.22.

A careful examination of the testimony convinces a majority of the court that the jury manifestly erred.

The material testimony on both sides comes from interested but apparently honest witnesses.    The flat contradiction is undoubtedly due to the infirmity of human memory, or to the failure of the parties to reach a precise understanding.

The testimony on the part of the defendant is more positive and convincing and more consistent with facts and circumstances and with the probabilities of the case.    The finding of the jury was unwarranted.

Assumpsit.    Plea, the general issue.    The plaintiffs contracted in writing to cut and haul a quantity of lumber for defendant.    Subsequently, within a year, the parties by oral agreement, the terms of which are in dispute, modified the written contract.    Verdict for plaintiff for $708.23, which was set aside on motion by defendant. New trial granted.

The case is stated in the opinion.

*Lyman L. Walton, and Clayton E. Eames,* for plaintiffs.

*Butler & Butler,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, DEASY, JJ.

CORNISH, C. J., SPEAR, HANSON, WILSON, DEASY, JJ., concurred. MORRILL, J., dissenting.

DEASY. J.  In November, 1917 the parties to this suit entered into a written contract whereunder the plaintiffs agreed to cut and haul for the defendant 500 M. or more of lumber for which service the defendant promised to pay $10 per M.

On Feb'y. 6, 1918 when about 575 M. had been cut and a little more than half of the same hauled to the mill, the plaintiffs owing to severe weather conditions, and other obstacles had become financially involved.  On that day the parties met and a new deal was made, but not reduced to writing.  As to what the new contract, or modification of existing contract was, the parties are at variance:—The plaintiffs say that the defendant agreed to assume and pay all of the unsatisfied obligations incurred by the plaintiffs in connection with the operation, and also to pay all bills accruing in the completion of it. On the other hand A. W. Starbird, president of the defendant corporation, corroborated by his wife and two sons, says that the plaintiffs assured him that the unpaid bills on Feb'y. 6th did not amount to more than $900 or $1000.  And that he, relying on this assurance, agreed to pay the bills but expressly limited his liability to $1200, being $2 per M. addition to the price originally agreed upon, for an estimated total cut of 600 M.

No question is raised as to the consideration for the defendant's new promise, and it is not disputed that the defendant has paid at least $1200 in addition to the amount required by the written contract.

The jury verdict is for the plaintiffs for seven hundred eight dollars and twenty-two cents.

The burden was on the plaintiffs to prove the correctness of their version.  A careful examination of the evidence convinces the court that the jury manifestly erred in finding this burden sustained.

Too great importance may have been attached to the evidence of several witnesses for the plaintiff who testified to hearing Mr. Starbird say in substance that he had agreed to pay all the bills. This testimony is nearly if not quite as consistent with the defendant's version of the contract as with the plaintiffs. If Mr. Starbird relying upon the plaintiff's assurance that the outstanding bills amounted to not more than $1200, promised to pay debts not exceeding that amount, he naturally and almost inevitably, in speaking of the matter to third parties, before learning the facts, would have said that he had agreed to pay all the bills.

Other than that above referred to the evidence in the case on both sides relating to the February agreement comes from interested, but apparently honest witnesses. The flat contradiction is undoubtedly due to the infirmity of human memory, or to the failure of the parties to reach a precise understanding. The testimony on the part of the defendant is more positive and more consistent with facts and circumstances and with the probabilities of the case. The finding of the jury was unwarranted.

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*